CHANCERY.

Case 102.

# Mattingly's Heirs *vs* Corbit.

APPEAL FROM THE MARION CIRCUIT.

*Jurisdiction. Devastavit. Practice. Pleading. Sureties. Limitation.*

June 18.

JUDGE BRECK delivered the opinion of the Court.

That a party has no legal remedy is a good ground of equitable jurisdiction, no suit at law for a *devastavit* is maintainable without a judgment at law.

In answer to the objection to the jurisdiction of a Court of equity in this case, it may be remarked, that the fact that Simeon Mattingly, the administrator or former administrator of Mary Mattingly, had become a non-resident, is alone deemed sufficient ground upon which to rest the jurisdiction. Corbit, who held the note upon Simeon and Mary Mattingly, could obtain no judgment thereon at law, against Simeon, as administrator, without which he could not proceed upon the administration bond against Vancleve, the surety, for a devastavit. Being utterly remediless at law, the creditor, upon that ground alone, might resort to a Court of equity for relief. Whether there are or not other grounds, which would give jurisdiction to the Chancellor, we will not stop to inquire.

The objection that the Court below erred in permitting the complainant's counsel to introduce upon the trial the vouchers accompanying the several reports of settlements by County Court Commissioners, is not valid. The vouchers, as has been held by this Court, constituted a necessary part of the report; and the reference to the reports by the defendants, necessarily included the vouchers. The Court was, therefore, right upon the introduction of the report by the defendants, in permitting the complainant to bring in the vouchers.

In view of the whole testimony, it sufficiently appears that there remained in the hands of Simeon Mattingly as administrator, assets sufficient for the payment of the complainant's demand. The assets were sufficient, without taking into the estimate the rent of land or hire of slaves, neither of which appear to have belonged to the estate of Mary Mattingly, but to the estate of John Mattingly, and of course for such rent and hire, the security in the administration bond would not be responsible. While the fund arising from the land and slaves was in the hands of S. Mattingly, payments by him to the heirs of Mary Mattingly, who were also the heirs of John Mattingly, should be regarded as made out of that fund.

MATTINGLY'sHs.
vs
CORBIT.

A reference to the report of the settlement of an administration account, necessarily implies a reference to the vouchers accompanying the report.

The defendants, we think, failed in the effort to show that S. Mattingly, as administrator, was entitled to any credit on account of the bad debts. It is not very clearly shown that Mary Mattingly was the security for her son upon the note in contest, but even conceding that she was, we are not satisfied that there was any such contract or arrangement between S. Mattingly and complainant, for delaying the payment or collection of the note as would release the heirs of Mrs. Mattingly or any of the defendants from liability. We are further of opinion that none of the defendants, conceding Mrs. Mattingly to have been a mere surety, have shown themselves discharged from liability in virtue of the act of 1838, limiting actions against sureties: (3 *Stat. Law*, 559.) The note in this case was due on the 25th December, 1836, and this suit was commenced on the 6th March, 1844. Deducting six months, during which time suit could not be brought against the administrator and heirs, and which is allowed by the statute, from the period between the accrual of the action and the institution of this suit, and less than seven years would have elapsed after the action accrued and before the suit was instituted.

According to the construction which we think should be given to the third and fourth sections of that act, and which was recognized by this Court in *Lewis* vs *Harbin*, (5 *B. Monroe*, 561,) the surety would not, in any case, be discharged in less than seven years after the cause of action accrued. The effect of the fourth section is to

A surety, according to the statute of 1838, (3 St. Law, 559,) is not released until the lapse of seven years after the cause of action accrued, or 5 years upon

MATTINGLY'S HS.
vs
CORBIT.

contracts execu-
ted after the pas-
sage of the act,
tho' seven years
may have elaps-
ed from the time
the cause of ac-
tion accrued be-
fore the expira-
tion of five years
from the passage
of the act.
It is error to de-
cree in *personam*
against a non-re-
sident who had
no estate within
Kentucky, and
who was not
served with pro-
cess.

give five years upon contracts executed before the passage of the act, although seven years may have elapsed from the time the cause of action accrued before the expiration of five years after the passage of the act. Besides, the limitation was not so plead and relied upon as in any view of the case to render it available.

The heirs of Mrs. Mattingly deny, and it is not shown that any thing descended to them from her estate.

It results from the view we have taken, that the complainant was entitled to a decree against Vancleve as the surety of S. Mattingly in his administration bond, but we think he was not entitled to a decree against S. Mattingly in *personam*, and that the decree against the heirs of Mrs. Mattingly is also erroneous. S. Mattingly being a non-resident, and there being no estate or fund belonging to him within the jurisdiction of the Court, attached or sought to be subjected to the complainant's demand, the Court had no jurisdiction to decree against him personally, as decided by this Court in *Manifee's heirs* vs *Hynman, &c*, (3 *Monroe*, 406, *and other cases*.)

It was also irregular to direct the decree to be first levied of assets of Mrs. Mattingly, in the hands of her administrator, S. Mattingly, if any could be found. If any decree could have been rendered against the administrator, it should have been *de bonis propriis*.

The decree against the heirs is to be levied of the estate of Mary Mattingly, which had descended to them.

The heirs deny that any estate had descended to them, and the fact is not established by the testimony. It was, therefore, according to the case of *Wells* vs *Bowling's heirs*, (2 *Dana*, 46,) erroneous to decree against them for assets *in presenti*, or to be levied of estate which had descended.

The decree must be reversed and the cause remanded, that a decree may be rendered against Vancleve for the complainant's demand and his costs; and as to the heirs, his bill will be dismissed unless he should elect to take a decree against them to be levied of such estate descended from their ancestor or mother, as may hereafter come to their hands. In either event as between the complainant and the heirs, each party will pay their own costs.

*Shuck* for appellants; *Morehead & Reed* for appellee.